UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABIGAIL QUINN, as Special Administrator of the Estate of LANCE JONES, deceased, | )<br>)<br>) |
| Plaintiff, | ) Case. No. 14CV-3260 |
| vs. | ) Honorable Judge |
| NEIL WILLIAMSON, SHERIFF OF SANGAMON COUNTY SANGAMON COUNTY, ILLINOIS and UNKNOWN NURSE, DR. SAM GAINES, UNKNOWN, PRISON GUARD 1, UNKNOWN, PRISON GUARD 2, UNKNOWN, PRISON GUARD 3, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### PLAINTIFF'S COMPLAINT AT LAW

**NOW COMES**, the Plaintiff, ABIGAIL QUINN, as Special Administrator of the Estate of LANCE JONES, deceased, by their attorneys JAMES MURPHY-AGUILU and SEAN O'BRIEN, and submits Plaintiff's Complaint states as follows:

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 based upon the violation of the civil rights of decedent *i.e.* the deprivation of a pretrial detainee's right to basic health services guaranteed by the due process clause of the 14th amendment to the United States Constitution. Additional state law claims are brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2 and the Survival Act, 755 ILCS 5/27-6. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1367.



1

## VENUE

2. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367. The violation of the decedent's civil rights took place within the Central District of Illinois, *i.e.* at the Sangamon County Jail, located in Springfield, Illinois.

## PARTIES

3. Decedent, Lance Jones, died on June 25, 2013 while a detainee at the Sangamon County Jail, located in Springfield, Illinois. Plaintiff Abigail Quinn is the duly appointed Administrator for the estate of Lance Jones. A copy of the Letters of Administration is attached hereto and marked as Exhibit A. The Plaintiff brings this action on behalf of the Estate of Lance Jones and on behalf of Lance Jones' two minor descendants.

4. Defendant Neil Williamson, Sheriff of Sangamon County is sued in his official capacity, as the Sheriff of Sangamon County he is legally responsible for the control and operation of the Sangamon County Jail. Plaintiff asserts federal and state law claims against the Sheriff.

5. Defendant Sangamon County is joined in this action pursuant to *Caver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003). Plaintiff asserts federal and state law claims against defendant Sangamon County.

6. Defendant Unknown Nurse at dispensary is sued in their individual capacity.

7. Defendant Dr. Sam Gaines is an emergency room doctor from St. John's hospital and is sued in their individual capacity.

8. Defendant Unknown Prison Guard 1 on tier is sued in their individual capacity.

9. Defendant Unknown Prison Guard 2 on tier is sued in their individual capacity.

10. Defendant Unknown Prison Guard 3 on tier is sued in their individual capacity.

## BACKGROUND FACTS

11. Plaintiff's decedent was arrested and processed into the Sangamon County Jail in or around June 2013.

12. Plaintiff's decedent was transferred from the Sangamon County Jail dispensary to the emergency room at St. Johns Hospital on June 20, 2013 after having shortness of breath and chest pains and remained at the emergency room until June 20, 2013.

13. Plaintiff's decedent presented to Dr. Sam Gaines at St. Johns Hospital with symptoms consistent with a heart attack.

14. Plaintiff's decedent was known by medical personnel to have HIV Plaintiff decedent has a serious medical need as recognized by medical personnel.

15. While at the emergency room, medical personnel there verified the serious medical needs of plaintiff's decedent and provided plaintiff's decedent with medication consistent with a heart attack.

16. Plaintiff's decedent was not kept at the hospital overnight for observation and returned to the Sangamon County Jail within a few hours of arriving on or about June 20, 2013.

17. Defendant Emergency Room doctor determined Plaintiff decedent was suffering from gastro esophageal reflux commonly known as "heart burn."

18. Plaintiff decedent was given prescriptions for antacids and medication for heart burn.

19. Plaintiff's decedent continued to feel serious discomfort and complained to several officers, nurses and fellow inmates of chest pain over the proceeding days.

20. Pursuant to the policies and practices at the Sangamon County Jail, following his return to the Jail, plaintiff's decedent was not allowed to see a nurse or physician without submitting a request form despite immediate pain.

21. Following his return to the Jail from the emergency room, plaintiff's decedent was not permitted to a see a physician at the Jail.

22. On June 25, 2013, as a direct and proximate cause of having been deprived of seeing any medical personnel, plaintiff's decedent died within a few days of having been examined and released by the emergency room.

## COUNT I

(Neil Williamson Sherriff of Sangamon County, Sangamon County Sheriffs Department, Sangamon County, Unknown Sherriff Deputies, unknown jail nurse § 1983)

23. This count is brought pursuant to 42 USC § 1983 for deprivation of Plaintiff Decedent's' 14th Amendment rights to basic health services and jurisdiction is based on 42 USC § 1331. All acts alleged herein were committed under color of state law.

24. Pursuant to their respective duties as Sheriff of Sangamon County, Neil Williamson adopted certain written medical policies requiring *inter alia*, that adequate medical care be made available for inmates with an acute medical illness at the Sangamon County Jail on a 24 (twenty-four) hour basis and that for inmates or

4

detainees whose health care needs could not be provided on site at the Sangamon County Jail, the medical personnel is to attend to immediate and serious medical needs or transfer the inmate or detainee to a local hospital emergency room by ambulance for evaluation and treatment. Neil Williamson adopted known policy that no inmate or detainee would see medical personnel without the approval of a written request form.

25. As a direct and proximate result of the adoption of the policy set forth in paragraph 24, the Defendant Neil Williamson knew that inmates and detainees who had an acute illness and who had an urgent need for medical attention which could not be provided at the Sangamon County Jail would not have their medical needs met until it was too late in the course of their illness to provide adequate and effective medical care.

26. On June 30, 2013 through June 25, 2013, Plaintiff decedent had a serious medical need which was an obvious sign of a serious heart condition as set forth in paragraphs 12,13,14, and 15 of this complaint and was severely ill as described in paragraphs 12,13,14,15 and 22 of this complaint. Due to the exigency of the pain and symptoms described above, Plaintiff decedent was in urgent need of being transferred to a local hospital for evaluation and treatment.

27. That notwithstanding their duty to provide adequate medical care to inmates and detainees, the Defendants Neil Williamson, in his official capacity, the Sangamon County Sheriffs Department, and Sangamon County were deliberately indifferent to securing the rights to basic medical care for any inmate with an acute illness including Plaintiff Decedent because he failed to provide proper instruction and

guidance to Medical and security personnel, to inform them that they had the authority to transfer a detainee to the hospital or medical personnel without a written request where a detainee had urgent need for hospitalization.

28. As a direct and proximate result of one or more of the foregoing acts or omissions, Defendant unknown sheriffs and unknown nursing staff failed to transport Plaintiff's decedent to the dispensary or the hospital without an approved request form.

29. That as a direct and proximate result of adopting one or more of the foregoing policies, security and medical staff did not allow Plaintiff's decedent to go to the dispensary or call for an ambulance until Plaintiff's decedent had collapsed from cardiac arrest and beyond the point of receiving any effective medical treatment and having been untreated resulting in massive cardiac arrest and death on June 25, 2013. That as a direct and proximate result of the acts set forth in paragraph 28 above, Plaintiff's decedent suffered excruciating pain prior to his death and after his death his next of kin have lost the services, earnings, society and companionship of their father.

WHEREFORE, Plaintiff ABIGAIL QUINN, as Administrator of the Estate of LANCE JONES, deceased, requests judgment against the Defendants NEIL WILLIAMSON, Sheriff of Sangamon County, in his official capacity, SANGAMON COUNTY SHERIFF'S DEPARTMENT, UNKNOWN DEPUTY SHERIFF 1, UNKNOWN DEPUTY SHERIFF 2, UNKNOWN DEPUTY SHERIFF 3, UNKNOWN NURSE, and SANGAMON COUNTY in an amount which is sufficient to compensate the Estate of Lance Jones, and the next of kin for

their loss, punitive damages, and attorneys' fees and costs pursuant to 42 USC§ 1988.

## COUNT II

(Dr. Sam Gaines, St. Johns Emergency Room Doctor, § 1983)

30. This count is brought pursuant to 42 USC§ 1983 for deprivation of Plaintiff Decedent's 14th Amendment rights to basic health care services and jurisdiction is based on 42 USC § 1331.

31. At all times mentioned herein, Dr. Sam Gaines, emergency room doctor from St. Johns Hospital was a physician on-call at St. Johns hospital who provided certain medical care for the Sangamon County Jail on June 20, 2013..

32. By virtue of his position as the designated on-call physician for the provision of medical services at the Sangamon County jail from June 20, 2013 to June 25, 2013, all acts and omissions of Dr. Sam Gaines, mentioned herein were carried out under color of state law.

33. On June 20, 2013 to June 25, 2013 the emergency room doctors at St. Johns were the physicians responsible for certain medical care provided to detainees at the Sangamon County Jail.

34. On June 20, 2013 Defendant decedent was brought to St. Johns Hospital presenting with conditions consistent with a heart attack previously alleged in paragraphs 12-15. At the same times as alleged in the preceding paragraph, Defendant Dr. Sam Gaines, was advised of the conditions listed in paragraphs 12-15 of this complaint.

35. At a minimum on June 20, 2013 through June 25, 2013. Plaintiff decedent had a need for frequent vital sign monitoring, laboratory tests and evaluation by a qualified cardiologist in order to avoid certain and serious jeopardy to his health.

7

36. That during the period between June 20, 2013 until Plaintiff Decedent's death on June 25, 2013 2007, notwithstanding his obligation to provide basic medical care to Plaintiff Decedent, the defendant Dr. Sam Gaines was deliberately indifferent to securing Plaintiff Decedent's rights to adequate medical care by committing one or more of the following acts:

   a) Failed to observe Plaintiff Decedent for a reasonable period of time to determine the actual cause of his condition.

   b) Failed to order sufficient tests to rule out the possibility that Plaintiff decedent had suffered a heart attack.

   c) Refused to admit Plaintiff Decedent to St. Johns hospital for further observation and testing considering his symptoms and the fact that Plaintiff Decedent had HIV which is a known to increase the rate of cardiac arrest by at least four times that of the general population.

   d) Failed to advise the nursing staff at the Sangamon County Jail to check Plaintiff decedent's vital signs or condition after releasing him from St. Johns' emergency room.

   e) Refused to treat Plaintiff Decedent other than to provide him Mylanta, and Zantac when it was clear that he was suffering a serious medical condition that required more than over the counter medication.

   f) Failed to treat Plaintiff Decedent other than to provide him Mylanta, and Zantac when it was clear that he was suffering a serious medical condition that required more than over the counter medication.

8

37. That as a direct and proximate result of one or more of the foregoing acts, Plaintiff Decedent's condition went undiagnosed and untreated resulting in cardiac arrest and death on June 25, 2013.

38. That as a direct and proximate result of the acts set forth in paragraph 38 above, Plaintiff Decedent suffered excruciating pain prior to his death and after his death his next of kin have lost the services, earnings, society and companionship of their father.

WHEREFORE, Plaintiff ABIGAIL QUINN, as Administrator of the Estate of LANCE JONES, deceased, requests judgment against the Defendants Dr. Sam Gaines Emergency Room Doctor in an amount which is sufficient to compensate the Estate of Lance Jones, and the next of kin for their loss, punitive damages, and attorneys' fees and costs pursuant to 42 USC§ 1988.

### COUNT III

(Neil Williamson Sherriff of Sangamon County, Sangamon County Sheriffs Department, Sangamon County, Unknown Sherriff Deputies, unknown jail nurse, St. Johns Emergency Room Doctor, State Law Wrongful Death Act, 740 ILCS 180/1 and Survival Act 755 ILCS 5/27-6)

39. This count is brought pursuant to state law Wrongful Death Act, 740 ILCS 180/1 and Survivorship Act under 755 ILCS 5/27-6, specifically for Plaintiff Decedent's pain and suffering prior to death and for Plaintiff Decedents heirs loss of companionship and support.

40. Plaintiff realleges the allegations contained in paragraphs 1-22, 24-29, and 31-38.

41. After presenting to medical personnel in the jail as well as at St. John's Hospital with chest pains, shortness of breath and left arm pain on June 20, 2013, Plaintiff decedent, as a direct and proximate cause of the defendants indifference to a serious medical need, continued to suffer sever chest pain and shortness of breath up until the moment he died on June 25, 2013.

42. As a direct and proximate cause of Plaintiff Decedent's death Plaintiff decedent's two minor heirs will no longer have the companionship or financial support of their father.

43. Plaintiff decedent's death has caused his heirs serious mental anguish, pain and suffering.

WHEREFORE, Plaintiff ABIGAIL QUINN, as Administrator of the Estate of LANCE JONES, deceased, requests judgment against the Defendants NEIL WILLIAMSON, Sheriff of Sangamon County, in his official capacity, SANGAMON COUNTY SHERIFF'S DEPARTMENT, UNKNOWN DEPUTY SHERIFF 1, UNKNOWN DEPUTY SHERIFF 2, UNKNOWN DEPUTY SHERIFF 3, UNKNOWN NURSE, DR. SAM GAINES, emergency room doctor at St. John's hospital and SANGAMON COUNTY in an amount which is sufficient to compensate the Estate of Lance Jones, and the next of kin for their loss under Illinois State Statutes Wrongful Death Act, 740 ILCS 180/1 and Survival Act 755 ILCS 5/27-6.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Plaintiff The Estate of LANCE JONES hereby demands a jury trial.

*/s/ James Murphy-Aguilu*
JAMES MURPHY-AGUILU
SEAN OBRIEN
Attorneys for Lance Jones
1739 S. Halsted, 1F
Chicago, IL 60608
773-808-3569