IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABIGAIL QUINN, as Special Administrator of the Estate of LANCE JONES, deceased, | ) ) ) ) ) ) | Civil Action No. 1:14-cv-3260 |
| | ) | Honorable Judge Colin S. Bruce |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| NEIL WILLIAMSON, SHERIFF OF SANGAMON COUNTY, ILLINOIS and UNKNOWN NURSE, DR. SAM GAINES UNKNOWN, PRISON GUARD 1, PRISON GUARD 2, PRISON GUARD 3, | ) ) ) ) ) ) | |
| Defendants | ) ) | |

### DEFENDANT SAMUEL GAINES, M.D.'s ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

#### JURISDICTION

NOW COMES Defendant, **SAMUEL GAINES, M.D.**, by his attorneys, **KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK, P.C.**, and as his Answer to Plaintiff's Complaint at Law, states as follows:

1. Defendant denies that he is subject to a Section §1983 action because he is not a state actor nor was he acting under the color of state law. At all relevant times Dr. Gaines, was an emergency physician who staffed the St. John's Hospital Emergency Department in Springfield, Illinois and rendered medical care to patients who presented to the Hospital regardless of their ability to pay or where they live. Dr. Gaines had no contractual agreement with any state agency, including Sangamon County or the Sangamon County Jail, to treat



inmates at that facility. He has never treated patients at the Sangamon County Jail nor has he ever been "on-call" at the facility.

2. Defendant denies that plaintiff's decedent's rights were violated in any way in the Emergency Department at St. John's Hospital in Springfield, Illinois. Defendant makes no answer to plaintiff's decedent's reports at the Sangamon County Jail.

### Parties

3. Defendant admits that Lance Jones was pronounced on June 25, 2013. Defendant makes no answer as to his status as a detainee. Defendant makes no answer as to plaintiff's purported letter of administration or its legal significance because it was not attached to the Complaint at Law.

4. The allegations contained in paragraph 4 are not directed at this defendant, and as such, no answer is made thereto.

5. The allegations contained in paragraph 5 are not directed at this defendant and, as such, no answer is made thereto.

6. The allegations contained in paragraph 6 are not directed to this defendant and, therefore, no answer is made thereto.

7. Defendant denies the allegations contained in paragraph 7. Defendant is an emergency physician who staffed the Emergency Department at St. John's Hospital in Springfield, Illinois on June 15, 2013.

8. The allegations contained in paragraph 8 are not directed at this defendant and, as such, no answer is made thereto.

9. The allegations contained in paragraph 9 are not directed at this defendant and, as such, no answer is made thereto.

10. The allegations contained in paragraph 10 are not directed at this defendant and, as such, no answer is made thereto.

11. Defendant does not have sufficient information to admit or deny the allegations in paragraph 11, and as such, demands strict proof thereof.

12. Defendant denies the allegations in paragraph 12, in that plaintiff's decedent presented to the Emergency Department at St. John's Hospital on June 15, 2013 with complaints of chest pain and other complaints as more accurately reflected in the medical chart at St. John's Hospital. Further answering, decedent was assessed and evaluated in the Emergency Department. Numerous laboratory studies and examinations were performed, including a stress test. Plaintiff's decedent was subsequently discharged six hours later from the Emergency Department and instructed to follow-up with his primary care physician in two (2) days.

13. Defendant denies the allegations in paragraph 13. Further answering, plaintiff's decedent presented with complaints as more accurately reflected in the medical records, including shortness of breath and chest pains.

14. Defendant admits that plaintiff's decedent's past medical history included being HIV positive, as more accurately reflected in the medical records. Defendant denies the remaining allegations in paragraph 14.

15. Defendant admits that plaintiff's decedent was assessed, evaluated and treated in the Emergency Department as more accurately reflected in the medical records. Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits that plaintiff's decedent was discharged home after approximately six (6) hours of monitoring, laboratory studies, a stress tests and further assessment in the Emergency Department with instructions to follow-up with a doctor in two (2) days. Defendant denies the remaining allegations in paragraph 15.

## Count I

The allegations in Count I are not directed at this Defendant, and therefore, no answer is made thereto. To the extent that any allegation in Count I may be construed as being directed at this defendant, defendant denies the same and demands strict proof thereof.

## Count II

30. Defendant denies he is subject to a Section 1983 claim because he was not a state actor nor did he act under the color of state law in connection with plaintiff's decedent's care.

31. Defendant admits he was working at St. John's Hospital on June 15, 2013. Defendant denies that he was an on-call physician for the Sangamon County Jail.

32. Defendant denies that he was an on-call physician to the Sangamon County Jail. Defendant further denies seeing or treating plaintiff's decedent from June 20, 2013 to June 25, 2013. Defendant treated plaintiff's decedent in the St. John's Emergency Department on June 15, 2013 as more accurately reflected in the medical records. Defendant denies ever acting under the color of state law.

33. Defendant denies the allegations in paragraph 33. Further answering, Defendant has no relationship to the Sangamon County Jail.

34. Defendant admits that plaintiff's decedent presented with complaints of shortness of breath and 3/10 chest pain as more accurately reflected in the medical records. Defendant denies the remaining allegations in paragraph 34.

35. Defendant has insufficient knowledge to admit or deny any of the allegations in the Complaint because Defendant treated plaintiff's decedent on June 15, 2013 and discharged him with medications and follow-up instructions.

36. Defendant denies the allegations in paragraph 36. Defendant had no relationship to the Sangamon County Jail and never saw plaintiff's decedent after June 15, 2013.

37. Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint at Law.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, Samuel Gaines, M.D., prays that Count II of Plaintiff's Complaint at Law be dismissed, together with costs and attorneys' fees most unjustly sustained.

### Count III

39. Defendant admits that the Illinois Wrongful Death Act and Survival Act exist, but deny that either claim is independently available to plaintiff. Defendant further alleges that Plaintiff Complaint at Law is improperly pled and lacks a 2-622 Certificate of Merit.

40. Defendant re-asserts his answer in paragraphs 1-22, 24-29 and 31-38 as his response to paragraph 40.

41. Defendant admits that he treated plaintiff's decedent at St. John's Hospital's Emergency Department on June 15, 2013. Defendant admits that plaintiff's decedent presented with shortness of breath and 3/10 chest pain. Defendant denies the remaining allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 43.

WHEREFORE, Defendant, Samuel Gaines, M.D., prays that Count III of Plaintiff's Complaint at Law be dismissed, together with costs and attorneys' fees most unjustly sustained.

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK

By: /s/ Michael T. Walsh
MICHAEL T. WALSH (6208000)
70 West Madison, Suite 2080
Chicago, IL 60602-4252
(312) 621-7981

Attorney for Defendant, Dr. Samuel Gaines

5