IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ABIGAIL QUINN, as Special Administrator of the Estate of LANCE JONES, deceased, | ) ) ) ) ) ) | Civil Action No. 1:14-cv-3260 |
| | ) | Honorable Judge Colin S. Bruce |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| NEIL WILLIAMSON, SHERIFF OF SANGAMON COUNTY, ILLINOIS and UNKNOWN NURSE, DR. SAM GAINES UNKNOWN, PRISON GUARD 1, PRISON GUARD 2, PRISON GUARD 3, | ) ) ) ) ) ) | |
| Defendants | ) ) | |

## DECLARATION

Under oath and subject to the penalties of perjury, I hereby declare based on my own knowledge and belief that:

1. My name is Sam Gaines, M.D.

2. I am a physician who is Board Certified in Internal Medicine and Emergency Medicine.

3. I was a past President of the Illinois College of Emergency Physicians. (ICEP).

4. I have been in medical practice for over 30 years.

5. In June 2013, I was a limited partner with Central Illinois Emergency Physicians, LLP ("CIEP").

6. A copy of my agreement with CIEP is attached as Exhibit A.

7. CIEP had a contract with St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis in Springfield, IL. (hereinafter referred to as "St. John's Hospital") to staff its Emergency Department with emergency physicians.



EXHIBIT 4

8. I was one of several emergency physicians who worked in the Emergency Department of St. John's Hospital through CIEP.

9. On June 15, 2013 I saw, evaluated and treated the decedent, Mr. Lance Jones in the Emergency Department at St. John's Hospital. It was my one and only interaction with Mr. Jones.

10. Mr. Jones arrived via ambulance to the Emergency Department at St. John's Hospital at 800 East Carpenter, Springfield, IL at 9:40 a.m. with complaints of chest pain, shortness of breath and nausea. He was medicated in route to the Emergency Department with aspirin, nitroglycerin and oxygen. His pain complaint was 3/10. His EKG showed normal sinus rhythm.

11. I saw Mr. Jones at approximately 9:46 a.m. Mr. Jones advised me that he was a 36 year old male with chest pain. He advised me that he was slightly short of breath earlier this morning but felt better with oxygen. His pain scale was a 2/10. His reported medications included Atripla and Tylenol/Codeine. He denied having a history of coronary artery disease, but he did have a history of GI problems and HIV.

12. I performed a physical examination on Mr. Jones. His airway was patent with no respiratory distress. His lungs were clear to auscultation. His breath sounds were equal bilaterally with no accessory muscle use. His heart showed regular rate and rhythm with no murmur. His abdomen was soft, non-tender with no bowel sounds. His vascular system was normal. He was alert and oriented times 3 neurologically.

13. Mr. Jones was placed on oxygen via nasal cannula and I ordered a number of tests, including a cardiac work-up which was comprised of an EKG, cardiac enzymes, cardiac monitor, a stress test, oxygen, a complete blood culture, a basic metabolic panel, a D-Dimer study and a chest x-ray.

14. Mr. Jones' condition improved in the Emergency Department. His cardiac work-up was negative. He was given prophylactic aspirin and nitroglycerin in the Emergency Department as well as Pantoprazole and Simethicone for stomach upset.

15. I re-examined Mr. Jones. His condition improved. I concluded that his complaints were epigastric in nature. I diagnosed Mr. Jones with reflux esophagitis and possible esophageal spasm. He was discharged at 3:22 p.m. after over five hours of testing and monitoring. He was given Zantac and ordered to follow up with a physician in three days.

16. It is my opinion, based upon a reasonable degree of medical certainty, that I acted like a reasonably careful emergency physician at all times and complied with the

standard of care in my care and treatment of Mr. Jones on June 15, 2013. I responded to his complaints and evaluated his condition through physical examination, laboratory studies, cardiac enzyme analysis, cardiac monitoring, a stress test, a D-Dimer study and radiographic studies. My opinion is also based upon my background, education and experience as well as my history and physical of Mr. Jones, his test results and my treatment.

17. I have never treated a patient at the Sangamon County Jail.

18. I am not a party to any written or oral agreement to treat patients at the Sangamon County Jail.

19. I have never been an "on-call" physician at the Sangamon County Jail.

20. I had no other contact with Mr. Jones after June 15, 2013. I do not recall ever speaking with any individual from the Sangamon County Jail regarding Mr. Jones.

21. I evaluated and treated Mr. Jones at the St. John's Hospital Emergency Department because he presented to the Emergency Department.

22. I treat any patient who presents to the Emergency Department while I am in the Department regardless of whom they are or their ability to pay.

Further the affiant sayeth not.

_____
SAM GAINES, M.D.

Subscribed and Sworn to
Before me this 23rd day of
April, 2015

_____
Notary Public

TAMMY G. CASPAR
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
March 22, 2016

CHI01:26018.1