IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ABIGAIL QUINN, as Special Administrator of the Estate of LANCE JONES, deceased, | ) ) ) | Civil Action No. 1:14-cv-3260 |
| | ) | Honorable Judge Colin S. Bruce |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| NEIL WILLIAMSON, SHERIFF OF SANGAMON COUNTY, ILLINOIS and UNKNOWN NURSE, DR. SAM GAINES UNKNOWN, PRISON GUARD 1, PRISON GUARD 2, PRISON GUARD 3, | ) ) ) ) ) ) | |
| Defendants | ) ) | |

**REPLY IN SUPPORT OF DR. GAINES' MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant, SAM GAINES M.D., by his attorneys KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK, and in support of his Motion for Summary Judgment, states as follows:

**I.  INTRODUCTION**

Dr. Sam Gaines is a Board Certified Emergency Physician who staffed the Emergency Department at St. John's Hospital through a contract with CIEP.  Neither Dr. Gaines nor CIEP had a contract to treat inmates at the Sangamon County Jail.  Dr. Gaines was not "on-call" to treat Sangamon County inmates.  As a matter of fact, through discovery, Sangamon County produced the medical services contract between Sangamon County and Advanced Correctional Healthcare (Exhibit 6), which outlined a broad array of medical services that Advanced Correctional Healthcare contractually provided to the Sangamon County Jail inmates.  As a

result, Dr. Gaines' Motion for Summary Judgment is timely and appropriate because there is no genuine dispute of material fact in the record to suggest that Dr. Gaines acted "under the color of state law" to prove her §1983 claim.

Moreover, there is no genuine dispute of material fact on whether Dr. Gaines was "deliberately indifferent" in his care of plaintiff's decedent as required under a §1983 claim. Through Dr. Gaines' uncontroverted Declaration (Exhibit 4), Dr. Gaines complied with the standard of care throughout his care and treatment of plaintiff's decedent. Plaintiff raised no facts or counter Declarations to rebut Dr. Gaines' Declaration. As a consequence, Dr. Gaines respectfully requests that this Court grant his Motion for Summary Judgment.

## II.  REPLY TO ADDITIONAL MATERIAL FACTS

Plaintiff's Response Brief incorporated four paragraphs of "Additional Facts" (Response, p.9), which require the following reply:

1. Paragraph 1 in Plaintiff's Response is immaterial and undisputed. The Sangamon County Sheriff's Department's policies speak for themselves. Neither Dr. Gaines nor CIEP has a contractual agreement with the Sangamon County Sheriff's Department or Sangamon County to treat inmates.

2. Paragraph 2 in Plaintiff's Response is immaterial and disputed. The Sangamon County Sheriff's Department's policies speak for themselves. Neither Dr. Gaines nor CIEP has a contractual agreement with the Sangamon County Sheriff's Department or Sangamon County to treat its inmates. In addition, neither Gaines nor CIEP is a party to any contract which may exist between the Sangamon County Jail and any "outside local hospitals" as referenced in Plaintiff's Response. Finally, Plaintiff failed to identify or attach any such contract to her Response.

3.   Paragraph 3 in Plaintiff's Response is immaterial and disputed. Whether "the medical staff" or even Dr. Gaines knew that plaintiff's decedent was an inmate is immaterial. Moreover, Dr. Gaines would not have access to a face sheet regarding insurance providers who may reimburse a particular patient's treatment. As an emergency physician, Dr. Gaines assesses and treats every patient assigned to him in the emergency department. Dr. Gaines assessed and treated Mr. Jones on June 15, 2013 (Exhibit 4).

4.   Paragraph 4 in Plaintiff's Response is material and undisputed. Dr. Gaines discharged Mr. Jones on June 15, 2013, not June 20, 2013 as alleged in the Complaint. (See Exhibit 1C and Exhibit 4). Plaintiff's decedent was discharged with instructions to follow up with his primary care physician in two days. (Id.) It is speculative to claim that "medical providers" could not identify plaintiff's decedent's primary care physician.

### III. ARGUMENT

### Dr. Gaines was not a "State Actor" as Required under §1983 claim

Plaintiff alleged in her Complaint that Dr. Gaines was acting under the color of state law because Dr. Gaines "was a physician on-call at St. John's Hospital who provided certain medical care for the Sangamon County Jail on June 20, 2013." (Exhibit 1, para. 31). Plaintiff's allegation infers that Dr. Gaines had some pre-determined obligation or responsibility to treat Sangamon County inmates. This allegation formed the basis for the Court's denial of Dr. Gaines' motion to dismiss Plaintiff's §1983 claim.

However, through discovery it became abundantly clear that Dr. Gaines had no such obligation. Dr. Gaines simply treated plaintiff's decedent on June 15, 2013 because plaintiff's decedent presented to the St. John's Hospital's Emergency Department. (See Exhibit 2, Exhibit 3(a)-(c) and Exhibit 4). Dr. Gaines had no prior involvement or pre-existing contractual

agreement to treat plaintiff's decedent. Dr. Gaines therefore, was not "on-call" to treat Sangamon County inmates.

Discovery also revealed that the only entity with a specific contractual obligation to treat Sangamon County inmates was Advanced Correctional Healthcare, who contracted with Sangamon County to render medical care to Sangamon County inmates seven days a week, 24 hours a day. (See Exhibit 6).

Unfazed by the uncontroverted facts in the record, Plaintiff now argues in her Response that Dr. Gaines was acting under "the color of state law" because Dr. Gaines was part of a series of contractual agreements between numerous parties that obligated him to treat plaintiff's decedent. The series of contracts includes Dr. Gaines' contract with CIEP (Exhibit 3(a)), CIEP's contract with St. John's Hospital (Exhibit 3(b)) and, ostensibly, a contract between St. John's Hospital and Sangamon County to help transport inmates, which was merely referenced by Plaintiff in her Response.

Not only is Plaintiff's alternative argument bereft of facts to support such a tangential connection, it is contrary to the cited case law on what constitutes a "state actor" under a §1983 claim. In *Rodriguez*, the court noted the following as it relates to emergency physicians and their organizations::

> [P]rivate organizations and their employees that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons. For instance, an emergency medical system that has a preexisting obligation to serve all persons who present themselves for emergency treatment hardly can be said to have entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons.

*Rodriguez, 577 F. 3d at 827.*

Based upon the rationale in *Rodriguez*, the contracts, the medical records and Dr. Gaines' uncontroverted Declaration, there are no genuine dispute of material fact to remotely support the notion that Dr. Gaines was acting under the color of state law when he treated plaintiff's decedent on June 15, 2013. As a result, Dr. Gaines is entitled to summary judgment.

### **Dr. Gaines' Care was not Deliberately Indifferent as Required under §1983 claim**

Alternatively, assuming, *arguendo*, that Dr. Gaines was acting "under the color of state law" when he rendered emergency care to plaintiff's decedent on June 15, 2013, the uncontroverted evidence in the record establishes that Dr. Gaines complied with the standard of care at all times. (See Exhibit 4). There is no evidence to support a showing of deliberate indifference.

Deliberate indifference requires a showing of purposeful indifference or a knowing disregard of an excessive risk to the inmate such that the jury can then infer that such conduct was "so far a field that it was not based on a medical judgment." *Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006.)*

Once a party moving for summary judgment demonstrates the absence of a disputed issue of material fact, the burden of proof shifts to the non-moving party to provide some evidence of a specific fact that creates a genuine dispute. (*Carroll v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012)*). Here, Plaintiff has such a burden and failed to come forward with any evidence by way of facts or opinions through a counter Declaration to remotely support a finding of deliberate indifference by Dr. Gaines on June 15, 2013. Plaintiff simply argues that Dr. Gaines was deliberately indifferent. Such argument does not satisfy Plaintiff's burden to come forward with some evidence to re-but the uncontroverted facts in the record.

The uncontroverted facts in this case establish that Dr. Gaines' based his care and treatment of plaintiff's decedent on sound medical judgment. (Exhibit 4)  Dr. Gaines then opined, based upon a reasonable degree of medical certainty, that he complied with the standard of care at all relevant times. (Exhibit 4).  The standard of care is what a reasonably careful emergency physician would do in like or similar circumstances at the time. (Exhibit 4).

Based upon the facts and opinions in the record, there is no genuine dispute of material fact to overcome Dr. Gaines' Motion.  Entering and continuing Dr. Gaines' Motion, as argued by Plaintiff's counsel in order to take additional discovery on these two issues is unduly prejudicial to Dr. Gaines and only constitutes a waste of time and money by the parties and this Court.  Dr. Gaines' role in this case is crystal clear.  He did not act under the color of state law nor did he act with deliberate indifference in his one and only encounter with plaintiff's decedent.

WHEREFORE, for the foregoing reasons, Dr. Sam Gaines respectfully requests that this Court grant his motion for summary judgment on his behalf and against plaintiff and dismiss Dr. Gaines from this case with prejudice because there is genuine dispute of material fact to support plaintiff's claims against Dr. Gaines.

        KITCH DRUTCHAS WAGNER
        VALITUTTI & SHERBROOK

By:   /s/ Michael T. Walsh_____
      MICHAEL T. WALSH (6208000)
      20 North Clark Street, Suite 600
      Chicago, IL  60602-4252
      Phone: (312) 621-7981
      Attorneys for Defendant, Dr. Sam Gaines

Kitch Drutchas Wagner
Valitutti & Sherbrook
20 North Clark Street, Suite 600
Chicago, Illinois 60602
(312) 332-7901/(312) 332-7903 Fax
Atty. No. 44761