UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABIGAIL QUINN, as Special Administrator of the Estate of LANCE JONES, deceased, </br></br>  Plaintiff, </br></br> vs. </br></br> NEIL WILLIAMSON, SANGAMON COUNTY ILLINOIS, DR SAM GAINES ADVANCED CORRECTIONAL HEALTHCARE JOE GENO ACH NURSE, TRACY SHEA ACH NURSE, ASHLEY TAYLOR ACH NURSE, PRISON GUARD FAVRE, CURRY, WEST, MEYERS, GUILLESPIE, BERGAEL, BRENTS, BALL, CLARK, WATKINS, BERROLA, GARRETT, COFFIN, JOHNSON, BENNIATO, BROWN, MCLAUGHLIN, MERCIER, BAKER, KEROUAC, MICHALETTA, SAUR, EALEY, PATTON, FERRO, CONARD, GRIGSBY, HERDT, PFIFFER, ANSELL, FISHER, BEAL, MARTIN, BERTERMAN, BLUHM, SGT HUDGINS, SGT WALLACE, SGT DOETACH, SGT SMITH, SGT CAIN, SGT, POWELL, SGT GUY, SGT BOUVET, SGT KRUGER, SGT BENNETT, SGT CAREY, </br></br>  Defendants. | Case. No. 14cv3260 |

## PLAINTIFF'S 1st AMENDED COMPLAINT AT LAW

**NOW COMES,** the Plaintiff, ABIGAIL QUINN, as Special Administrator of the Estate of

LANCE JONES, deceased, by their attorneys JAMES MURPHY-AGUILU and TIMOTHY

FISCELLA, and submits Plaintiff's Complaint states as follows:

1

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 based upon the violation of the civil rights of decedent *i.e.* the deprivation of a pretrial detainee's right to basic health services guaranteed by the due process clause of the 14th amendment to the United States Constitution. Additional state law claims are brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2 and the Survival Act, 755 ILCS 5/27-6. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1367.

## VENUE

2. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367. The violation of the decedent's civil rights took place within the Central District of Illinois, *i.e.* at the Sangamon County Jail, located in Springfield, Illinois.

## PARTIES

3. Decedent, Lance Jones, died on June 25, 2013 while a detainee at the Sangamon County Jail, located in Springfield, Illinois. Plaintiff Abigail Quinn is the duly appointed Administrator for the estate of Lance Jones. A copy of the Letters of Administration was attached to Plaintiff's original Complaint at Law and marked as Exhibit A. The Plaintiff brings this action on behalf of the Estate of Lance Jones and on behalf of Lance Jones' two minor descendants.

4. Defendant Neil Williamson, Sheriff of Sangamon County is sued in his official capacity, as the Sheriff of Sangamon County he is legally responsible for the control and operation of the Sangamon County Jail. Plaintiff asserts federal and state law claims against the Sheriff.

5. Defendant Sangamon County is joined in this action pursuant to *Caver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003). Plaintiff asserts federal and state law claims against defendant Sangamon County.

6. Defendant Advanced Correctional Healthcare (ACH) was contracted to provide all medical services for Sangamon County Jail.

7. Defendant Nurse Ashley Taylor was a nurse hired by ACH and assigned to provide medical services at Sangamon County jail during the relevant period and is sued in their individual capacity.

8. Defendant Nurse Tracy Shea was a nurse hired by ACH and assigned to provide medical services at Sangamon County jail during the relevant period and is sued in their individual capacity.

9. Defendant Nurse Joe Geno was a nurse hired by ACH and assigned to provide medical services at Sangamon County jail during the relevant period and is sued in their individual capacity.

10. Defendant Dr. Sam Gaines Emergency Room Doctor, a partner with Central Illinois Emergency Physicians is sued in his individual capacity.

11. Defendant Prison Guard Favre is sued in their individual capacity.

12. Defendant Prison Guard Curry is sued in their individual capacity.

13. Defendant Prison Guard West is sued in their individual capacity.

14. Defendant Prison Guard Meyers is sued in their individual capacity.

15. Defendant Prison Guard Gillespie is sued in their individual capacity.

16. Defendant Prison Guard Bergeal is sued in their individual capacity.

17. Defendant Prison Guard Brents is sued in their individual capacity.

18. Defendant Prison Guard Ball is sued in their individual capacity.

19. Defendant Prison Guard Clark is sued in their individual capacity.

20. Defendant Prison Guard Watkins is sued in their individual capacity.

21. Defendant Prison Guard Berrola is sued in their individual capacity.

22. Defendant Prison Guard Garrett is sued in their individual capacity.

23. Defendant Prison Guard Coffin is sued in their individual capacity.

24. Defendant Prison Guard Johnson is sued in their individual capacity.

25. Defendant Prison Guard Benniato is sued in their individual capacity.

26. Defendant Prison Guard Brown is sued in their individual capacity.

27. Defendant Prison Guard McLaughlin is sued in their individual capacity.

28. Defendant Prison Guard Mercier is sued in their individual capacity.

29. Defendant Prison Guard Baker is sued in their individual capacity.

30. Defendant Prison Guard Kerouac is sued in their individual capacity.

31. Defendant Prison Guard Michaletta is sued in their individual capacity.

32. Defendant Prison Guard Saur is sued in their individual capacity.

33. Defendant Prison Guard Ealey is sued in their individual capacity.

34. Defendant Prison Guard Patton is sued in their individual capacity.

35. Defendant Prison Guard Ferro is sued in their individual capacity.

36. Defendant Prison Guard Conard is sued in their individual capacity.

37. Defendant Prison Guard Grigsby is sued in their individual capacity.

38. Defendant Prison Guard Herdt is sued in their individual capacity.

39. Defendant Prison Guard Pfiffer is sued in their individual capacity.

40. Defendant Prison Guard Ansell is sued in their individual capacity.

41. Defendant Prison Guard Fisher is sued in their individual capacity.

42. Defendant Prison Guard Beal is sued in their individual capacity.

43. Defendant Prison Guard Martin is sued in their individual capacity.

44. Defendant Prison Guard Berterman is sued in their individual capacity.

45. Defendant Prison Guard Bluhm is sued in their individual capacity.

46. Defendant Prison Guard Sgt. Hudgins is sued in their individual capacity.

47. Defendant Prison Guard Sgt. Hudgins is sued in their individual capacity.

48. Defendant Prison Guard Sgt. Wallace is sued in their individual capacity.

49. Defendant Prison Guard Sgt. Doetach is sued in their individual capacity.

50. Defendant Prison Guard Sgt. Smith is sued in their individual capacity.

51. Defendant Prison Guard Sgt. Cain is sued in their individual capacity.

52. Defendant Prison Guard Sgt. Powell is sued in their individual capacity.

53. Defendant Prison Guard Sgt. Guy is sued in their individual capacity.

54. Defendant Prison Guard Sgt. Bouvet is sued in their individual capacity.

55. Defendant Prison Guard Sgt. Kruger is sued in their individual capacity.

56. Defendant Prison Guard Sgt. Bennett is sued in their individual capacity.

57. Defendant Prison Guard Sgt. Carey is sued in their individual capacity.[1]

---

[1] Defendant Deputies and Prison Guards set for above are referred to collectively as "Defendant Guards" or "Defendant Deputies" throughout Plaintiff's First Amended Complaint.

## BACKGROUND FACTS

58. Plaintiff's Decedent was arrested and processed into the Sangamon County Jail in or around June 2013.

59. Advanced Correctional Healthcare (ACH) had at the time of plaintiff decedent's death a contract with Sangamon County Jail and/or the Sangamon County Sheriffs to provide medical staff and services for Sangamon County Jail.

60. At all relevant times, Sangamon County Sheriffs had a policy to maintain contracts or agreements with outside hospitals to provide medical care for inmates for circumstances where medical care cannot be provided at the jail.

61. Plaintiff's Decedent was transferred from the Sangamon County Jail to the emergency room at St. John's Hospital on June 15, 2013 after having shortness of breath and chest pains and remained at the emergency room for several hours.

62. Plaintiff's Decedent presented to the emergency room staff at St. John's Hospital with symptoms consistent with a heart attack.

63. Plaintiff's Decedent was known by medical personnel to have HIV and Plaintiff's Decedent has a serious medical need as recognized by medical personnel.

64. While at the emergency room, medical personnel there verified the serious medical needs of Plaintiff's Decedent and provided Plaintiff's Decedent with medication consistent with a heart attack.

65. Plaintiff's Decedent was not kept at the hospital overnight for observation and returned to the Sangamon County Jail within a few hours of arriving on or about June 15, 2013.

66. Defendant Emergency Room doctor determined Plaintiff decedent was suffering from gastro esophageal reflux commonly known as "heart burn."

67. Plaintiff decedent was given prescriptions for antacids and an order to see his primary care physician within the following three days.

68. Plaintiff's Decedent continued to feel serious discomfort and complained to Defendants and fellow inmates of chest pain over the proceeding days.

69. Pursuant to the policies and practices at the Sangamon County Jail, following his return to the Jail, Plaintiff's Decedent was not allowed to see a nurse or physician without submitting a request form despite immediate pain.

70. Following his return to the Jail from the emergency room, Plaintiff's Decedent was not permitted to a see a physician at the Jail, despite the doctor's order requiring him to see his primary care physician in three days.

71. On June 25, 2013, as a direct and proximate cause of having been deprived of seeing any medical personnel and thus received the attended required and necessary medical treatment, Plaintiff's Decedent died within a few days of having been examined and released by the emergency room.

## COUNT I

(Neil Williamson Sherriff of Sangamon County, Sangamon County Sheriffs Department, Sangamon County, Defendant Deputies, Advanced Correctional Healthcare, ACH Nurse Joe Geno, ACH Nurse Tracy Shea, and ACH Nurse Ashley Taylor § 1983)

72. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

73. This count is brought pursuant to 42 USC § 1983 for deprivation of Lance Jones' 14th Amendment rights to basic health services and jurisdiction is based on 42 USC § 1331. All acts alleged herein were committed under color of state law.

74. As described in further detail above, Defendants were deliberately indifferent to Plaintiff's Decedent's serious medical needs, resulting in a deprivation of necessary medical care and thus a violation of Plaintiff's constitutional rights, including those of the 8th and 14th Amendments to the United States Constitution.

75. Pursuant to their respective duties as Sheriff of Sangamon County, Neil Williamson adopted certain written medical policies requiring *inter alia,* that adequate medical care be made available for inmates with an acute medical illness at the Sangamon County Jail on a 24 (twenty-four) hour basis and that for inmates or detainees whose health care needs could not be provided on site at the Sangamon County Jail, the medical personnel is to attend to immediate and serious medical needs or transfer the inmate or detainee to a local hospital emergency room by ambulance for evaluation and treatment. Neil Williamson adopted known policy that no inmate or detainee would see medical personnel without the approval of a written request form.

76. As a direct and proximate result of the adoption of the policy set forth above, the Defendant Neil Williamson knew that inmates and detainees who had an acute illness and who had an urgent need for medical attention which could not be provided at the Sangamon County Jail would not have their medical needs met until it was too late in the course of their illness to provide adequate and effective medical care.

77. On June 15, 2013 through June 25, 2013, Lance Jones had a serious medical need which was an obvious sign of a serious heart condition as set forth in this complaint and was severely ill as described in this complaint. Due to the exigency of the pain and symptoms described above, Lance Jones was in urgent need of being transferred to a local hospital for evaluation and treatment.

78. That notwithstanding their duty to provide adequate medical care to inmates and detainees, the Defendants Neil Williamson, in his official capacity, the Sangamon County Sheriff's Department, Defendant Deputies Sangamon County, ACH and ACH staff were deliberately indifferent to securing the rights to basic medical care for Plaintiff's Decedent and any inmate with an acute illness including Lance Jones because they failed to provide proper instruction and guidance to Medical and security personnel, to inform them that they had the authority to transfer a detainee to the hospital or medical personnel without a written request where a detainee had urgent need for hospitalization.

79. As a direct and proximate result of one or more of the foregoing acts or omissions, Defendant Prison Guards and ACH Nurses Shea and Geno failed to transport Plaintiff's Decedent to the dispensary or the hospital without an approved request form and were deliberately indifferent to his need for serious medical care.

80. Defendants Prison Guards failed to act on any health concern and complaint made by Plaintiff decedent that as a direct and proximate cause lead to Plaintiff decedent's death.

81. That as a direct and proximate result of adopting one or more of the foregoing policies, security and medical staff did not allow Plaintiff's Decedent to go to

the dispensary or call for an ambulance until Plaintiff's Decedent had collapsed from cardiac arrest and beyond the point of receiving any effective medical treatment and having been untreated resulting in massive cardiac arrest and death on June 25, 2013. That as a direct and proximate result of the acts set forth in above paragraphs, Plaintiff's Decedent suffered excruciating pain prior to his death and after his death his next of kin have lost the services, earnings, society and companionship of their father.

WHEREFORE, Plaintiff ABIGAIL QUINN, as Administrator of the Estate of LANCE JONES, deceased, requests judgment against the Defendants NEIL WILLIAMSON, Sheriff of Sangamon County, in his official capacity, SANGAMON COUNTY SHERIFF'S DEPARTMENT, PRISON GURADS FAVRE, CURRY, WEST, MEYERS, GUILLESPIE, BERGAEL, BRENTS, BALL, CLARK, WATKINS, BERROLA, GARRETT, COFFIN, JOHNSON, BENNIATO, BROWN, MCLAUGHLIN, MERCIER, BAKER, KEROUAC, MICHALETTA, SAUR, EALEY, PATTON, FERRO, CONARD, GRIGSBY, HERDT, PFIFFER, ANSELL, FISHER, BEAL, MARTIN, BERTERMAN, BLUHM, SGT HUDGINS, SGT WALLACE, SGT DOETACH, SGT SMITH, SGT CAIN, SGT, POWELL, SGT GUY, SGT BOUVET, SGT KRUGER, SGT BENNETT, SGT CAREY, ACH NURSE JOE GENO, ACH NURSE TRACY SHEA, ACH NURSE ASHLEY TAYLOR and SANGAMON COUNTY in an amount which is sufficient to compensate the Estate of Lance Jones, and the next of kin for their loss, punitive damages, and attorneys' fees and costs pursuant to 42 USC§ 1988.

## COUNT II

(Dr. Sam Gaines, Emergency Room doctor, § 1983)

82. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

83. This count is brought pursuant to 42 USC§ 1983 for deprivation of Lance Jones' 14th Amendment rights to basic health care services and jurisdiction is based on 42 USC § 1331.

84. On June 15, 2013, Dr. Samuel Gaines was working as an attending physician at St. John's Hospital.

85. St. John's hospital has an agreement with Sangamon County Jail to care for inmates who require medical assistance that cannot be administered at the jail.

86. By virtue of his position as emergency department physician at St. John's Hospital who administered medical services to Sangamon County inmate Lance Jones, all acts and omissions of Dr. Sam Gaines, mentioned herein were carried out under color of state law.

87. On June 15, 2013 to June 25, 2013 the emergency room doctors at St. John's were the physicians responsible for certain medical care provided to detainees from the Sangamon County Jail.

88. On June 15, 2013 Defendant decedent was brought to St. John's Hospital presenting with conditions consistent with a heart attack as previously alleged in this complaint. At the same times as alleged previously, Defendant Dr. Gaines, was advised of the conditions listed in this complaint.

89. At a minimum on June 15, 2013 through June 25, 2013, Lance Jones had a need for frequent vital sign monitoring, laboratory tests and evaluation by a qualified cardiologist in order to avoid certain and serious jeopardy to his health.

90. During and including the period of June 15, 2013 until his Lance Jones' death on June 25, 2013 2007, notwithstanding his obligation to provide basic medical care to Lance Jones, the defendant Dr. Sam Gaines was deliberately indifferent to securing Lance Jones' rights to adequate medical care by committing one or more of the following acts:

   a. Failed to observe Lance Jones for a reasonable period of time to determine the actual cause of his condition.

   b. Failed to order sufficient tests to rule out the possibility that Lance Jones had suffered a heart attack.

   c. Refused to admit Lance Jones to St. John's hospital for further observation and testing considering his symptoms and the fact that Lance Jones had HIV which is a known to increase the rate of cardiac arrest by at least four times that of the general population.

   d. Failed to advise the nursing staff at the Sangamon County Jail to check Lance Jones' vital signs or condition after releasing him from St. John's' emergency room.

   e. Refused to treat Lance Jones other than to provide him Mylanta, and Zantac when it was clear that he was suffering a serious medical condition that required more than over the counter medication.

   f. Failed to treat Lance Jones other than to provide him Mylanta, and

Zantac when it was clear that he was suffering a serious medical condition that required more than over the counter medication.

91. That as a direct and proximate result of one or more of the foregoing acts, Lance Jones condition went undiagnosed and untreated resulting in cardiac arrest and death on June 25, 2013.

92. That as a direct and proximate result of the acts set forth in paragraph 43 above, Lance Jones suffered excruciating pain prior to his death and after his death his next of kin have lost the services, earnings, society and companionship of their father.

WHEREFORE, Plaintiff ABIGAIL QUINN, as Administrator of the Estate of LANCE JONES, deceased, requests judgment against the Defendants Unknown Emergency Room Doctor in an amount which is sufficient to compensate the Estate of Lance Jones, and the next of kin for their loss, punitive damages, and attorneys' fees and costs pursuant to 42 USC§ 1988.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Plaintiff The Estate of LANCE JONES hereby demands a jury trial.

| | |
|---|---|
| */s/ James Murphy-Aguilu* | */s/ Timothy J. Fiscella* |
| JAMES MURPHY-AGUILU | TIMOTHY J. FISCELLA |
| Attorney for Plaintiff | Attorney for Plaintiff |
| 1739 S. Halsted, 1F | 53 W. Jackson, Suite 1750 |
| Chicago, IL 60608 | Chicago, IL 60604 |
| 773-808-3569 | 312-546-4885 |