E-FILED
Monday, 27 July, 2015  03:09:09 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **ABIGAIL QUINN, as Special** | ) | |
| **Administrator of the Estate of** | ) | |
| **LANCE JONES, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 14-cv-3260** |
| | ) | |
| **NEIL WILLIAMSON, SHERIFF OF** | ) | |
| **SANGAMON COUNTY, ILLINOIS and** | ) | |
| **UNKNOWN NURSE, DR. SAM GAINES** | ) | |
| **UNKNOWN PRISON GUARD 1,** | ) | |
| **PRISON GUARD 2, PRISON GUARD 3,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff, Abigail Quill, as Special Administrator of the Estate of Lance Jones,
deceased, filed a complaint (#1) on August 21, 2014.  An Amended Complaint (#35) was
filed on June 24, 2015.  The Amended Complaint alleges, in part, that Dr. Gaines, as the
attending emergency room physician ten days prior to Plaintiff's decedent's death, is
liable under 42 U.S.C. § 1983 for acting under the color of the state law and deliberately
depriving Plaintiff's decedent of his constitutionally protected rights.  This case is
currently before this court on Defendant, Dr. Gaines, Motion for Summary Judgment
(#29), filed on April 30, 2015 and Plaintiff's Motion for Continuance under Federal Rule
of Civil Procedure 56(d) (#32). This court has carefully reviewed the arguments of the
parties and the documents filed by the parties. For the following reasons, Plaintiff's
Motion for Continuance (#32) is DENIED. In addition, Defendant's Motion for

Summary Judgment (#29) is GRANTED.

BACKGROUND

On June 15, 2013, Plaintiff's decedent, Lance Jones, was an inmate at the Sangamon County Jail. He was transported to the St. John's Hospital's Emergency Department with complaints of shortness of breath, and chest and left arm pain. Defendant Dr. Gaines assessed Jones, ordered a series of tests, initiated treatments and discharged Jones from the emergency department five hours later. On June 25, 2013, ten days after Jones's return to the Sangamon County Jail, he subsequently died, which according to the autopsy report, was from coronary atherosclerosis.

Dr. Gaines is a Board Certified Emergency Physician who staffed the Emergency Department at St. John's Hospital through a contract with Central Illinois Emergency Physicians ("CIEP"). In Plaintiff's Response to Defendant's Motion for Summary Judgment (#32), Plaintiff concedes Dr. Gaines has never treated a patient at the Sangamon County Jail, Dr. Gaines has no contractual agreement to treat patients at the Sangamon County Jail, and Dr. Gaines has never been "on-call" at or for the Sangamon County Jail. In fact, neither Dr. Gaines nor CIEP had a contract to treat inmates at the Sangamon County Jail. Additionally, Dr. Gaines treats all patients who present themselves to the St. John's Emergency Department regardless of who they are or their ability to pay for services, and only encountered Plaintiff's decedent because he presented to the St. John's Hospital Emergency Department.

In written discovery to Sangamon County and Defendant Williamson, Sheriff of Sangamon County, Plaintiff requested all contracts between "any independent

2

healthcare providers including but not limited to St. Johns hospital" and the Sangamon

County Jail. In response, Defendants presented a contract between the Sangamon

County Jail and Advanced Correctional Healthcare ("ACH"). This contract establishes

the existence of a separate entity, ACH, who is charged with facilitating medical

services for inmates at Sangamon County. It further provides in subsection 1.1.6[1], under

"Scope of Services to be Provided by ACH", that ACH "shall arrange and be financially

responsible for the cost of inpatient hospital services, outpatient hospital services,

mobile services, specialty services, dental care, laboratory, x-ray, diagnostic testing,

consultation services, and medically indicated ambulance transportation provided off-

site."  However, notwithstanding this contract, Plaintiff insists further discovery is in

order to determine if an additional either explicit or implicit contract exists between St.

John's and the Sangamon County Jail.

ANALYSIS

I.  MOTION FOR CONTINUANCE UNDER 56(d)

Federal Rule of Civil Procedure 56(d) states:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it
cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

In this case, Plaintiff claims that additional discovery may reveal a contract between the

Sangamon County Jail and St. Johns' Hospital.  While it is true that discovery is still

---

[1] The contract erroneously lists two subsections 1.1.6, this comment is in reference to the latter.

3

ongoing, some discovery has been completed.  After Plaintiff made a request for all contracts between Sangamon County Jail and any independent healthcare providers, Sangamon County Jail produced a single contract with ACH.  Interestingly, the contract stipulates ACH's obligation for off-site medical treatment, including "inpatient hospital services" as well as "laboratory, x-ray, diagnostic testing."  Based on the provisions of the contract, it is doubtful that further discovery would reveal any additional contracts with other outside medical providers, including St. John's Hospital.  However, even if an additional contract were in existence, based the reasoning in the next section, this court does not think discovery can yield any material information which would alter its ruling on Defendant's Motion for Summary Judgment.  Therefore, Plaintiff's Motion for Continuance (#32) is denied.

## II. MOTION FOR SUMMARY JUDGMENT

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial."  *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).  In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Gordon v. FedEx*

4

*Freight, Inc.*, 674 F.3d 769, 772 (7ᵗʰ Cir. 2012).

### B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Dr. Gaines, argues he is entitled to summary judgment as a matter of law on Plaintiff's claim because he was not acting under the color of state law on June 15, 2013. Defendant further argues that his care and treatment of Mr. Jones was just, reasonable and complied with the standard of care. This court agrees that Dr. Gaines is entitled to summary judgment.

In this case, Plaintiff claims that Dr. Gaines is liable pursuant to 42 U.S.C. § 1983 for Plaintiff's decedent's death. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution and laws of the United States and, (2) the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). Typically, the violation will concern a prisoner's Eighth Amendment rights infringed upon by a physician's deliberate indifference to his or her medical condition. *Id*. Although Defendant claims to have acted using a reasonable standard of care, his affidavit alone, without allowing Plaintiff's additional discovery, cross-examination, and/or expert witnesses, is insufficient to render a decision on this issue. However, because this court believes Dr. Gaines was not a state actor[2] on June 15, 2013, this court need not decide the issue whether he was deliberately indifferent.

One is acting under color of state law if "possessed by virtue of state law and

---

[2] For purposes of this order, "state actor" and "under the color of state law" will be used interchangeably, and reference the same element in § 1983.

made possible only because the wrongdoer is clothed with the authority of state law."
*Id*. at 49 (quoting *United States v. Classic*, 313 U.S. 299, at 326 (1941)). In *West*, the
Supreme Court made clear, "[i]t is the physician's function within the state system, not
the precise terms of his employment, that determines whether his actions can fairly be
attributed to the State. Whether a physician is on the state payroll or is paid by contract,
the dispositive issue concerns the relationship among the State, the physician, and the
prisoner." *Id*. at 55.

Following *West*, the Seventh Circuit discussed this relationship as it pertains to
emergency medical personnel:

> An emergency medical system that has a preexisting obligation to serve all
> persons who present themselves for emergency treatment hardly can be said to
> have entered into a specific voluntary undertaking to assume the state's special
> responsibility to incarcerated persons.

*Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 827 (7th Cir. 2009). The court
stressed, "[t]he fact that it does not, and cannot, discriminate against incarcerated
individuals does not mean that it has agreed to step into the shoes of the state and
assume the state's responsibility toward these persons." *Id*. at 828.

Although both *West* and *Rodriguez* suggest Dr. Gaines may not be a state actor,
neither case deals with an emergency room physician, employed by an independent
staffing company, under contract with a hospital, that, assuming, *arguendo*, is contracted
with the state prison to provide medical care. Therefore, this court must determine
whether, under the facts of this case, a contract between the prison and St. John's
Hospital would alter the relationship between an emergency room physician and a

prisoner as outlined in *Rodriguez*.

Fortunately, there are a few cases that address attenuated physician contracts. In *Walker v. Horn*, 385 F.3d 321 (3rd Cir. 2004), the Third Circuit held a physician who is not employed by the prison, but rather by a private medical organization under contract to provide medical services to the inmates at a prison infirmary acts "under the color of state law." This reading stretched *West* to encompass physicians whose direct employer is contracted with a prison and whose medical services take place at a prison infirmary. Similar to *Walker*, the Fourth Circuit held a physician, not under contract, who treats a prisoner in his office, upon referral by the state, with knowledge of the patient's status as a prisoner, acts under color of state law. *Connor v. Donnelly*, 42 F.3d 220, 224 (4th Cir. 1994); but see *Nunez v. Horn*, 72 F.Supp.2d 24, 27 (N.D.N.Y. 1999) (finding a doctor who treated a prison inmate upon referral was not a state actor). Finally, a District Court in the Eastern District of California held if a physician's direct employer is a hospital, which is under contract with state prison authorities for inmate referrals, then the physician acts as an agent of the hospital, and therefore acts under color of state law. *Ayala v. Andreasen*, 2007 WL 1395093 (E.D. Cal. May 10, 2007).

After a thorough review of these cases, as well as the undisputed facts presented here, this court believes that each of the three cases cited above are distinguishable. First, unlike the physician in *Walker*, who performed medical services at the prison infirmary, here, Dr. Gaines treated Petitioner's decedent in the Emergency Department at St. John's Hospital. Second, while the doctor in *Connor* had the opportunity to refuse services and had an ongoing relationship with the prison, here, Dr. Gaines treated

7

everyone who entered the Emergency Department and did not have a previous relationship with the Sangamon County Jail.  Finally, while *Ayala* presents similar facts to those found in this case, not only is Dr. Gaines one further step removed from the alleged contractual agreement between the hospital and prison, the physician in *Ayala* performed a scheduled surgery, for which he had the opportunity to decline.

Because Dr. Gaines worked in the Emergency Department at St. John's Hospital, he treated all patients who presented themselves to the Emergency Department regardless of who they were or their ability to pay for services. Importantly, it is undisputed that neither Dr. Gaines nor his direct employer, CIEP, had a contract to treat inmates at the Sangamon County Jail.  Therefore, this court believes that the facts in this case are analogous to the emergency services comparison in *Rodriguez*.  *Rodriguez*, 577 F.3d at 828-29; see also *Styles v. McGinnis*, 28 Fed.Appx. 362, 364 (6th Cir. 2001) (holding that a doctor who had no contractual relationship with the state through the department of corrections or through the hospital but rather provided emergency staffing services to the hospital as an independent contractor, was not a state actor).

Based on the foregoing, even if a contract between Sangamon County Jail and St. John's Hospital were to appear with additional discovery, this court is convinced, after reviewing both parties' arguments and drawing comparisons to other cases, that such a contract would be immaterial to this decision. Therefore, construing the evidence in the light most favorable to the nonmoving party, and even assuming such a contract is in existence, the court concludes there is no evidence to support a finding that Dr. Gaines was a state actor for purposes of § 1983.  Consequently, summary judgment in favor of

Dr. Gaines is warranted.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Continuance (#32) is DENIED.

(2) Defendant's Motion for Summary Judgment (29) is GRANTED.  Judgment is
entered in favor of Defendant Dr. Gaines and against Plaintiff on Count II of
Plaintiff's Amended Complaint.

(3) This case is referred to the Magistrate Judge for further proceedings.

ENTERED this 27th  day of July, 2015.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE