UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABIGAIL QUINN, as Special Administrator of the Estate of LANCE JONES, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case. No. 14cv3260 |
| vs. | )<br>) |
| NEIL WILLIAMSON, SANGAMON COUNTY ILLINOIS, DR SAM GAINES ADVANCED CORRECTIONAL HEALTHCARE JOE GENO ACH NURSE, TRACY SHEA ACH NURSE, ASHLEY TAYLOR ACH NURSE, PRISON GUARD FAVRE, CURRY, WEST, MEYERS, GUILLESPIE, BERGAEL, BRENTS, BALL, CLARK, WATKINS, BERROLA, GARRETT, COFFIN, JOHNSON, BENNIATO, BROWN, MCLAUGHLIN, MERCIER, BAKER, KEROUAC, MICHALETTA, SAUR, EALEY, PATTON, FERRO, CONARD, GRIGSBY, HERDT, PFIFFER, ANSELL, FISHER, BEAL, MARTIN, BERTERMAN, BLUHM, SGT HUDGINS, SGT WALLACE, SGT DOETACH, SGT SMITH, SGT CAIN, SGT, POWELL, SGT GUY, SGT BOUVET, SGT KRUGER, SGT BENNETT, SGT CAREY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S 1st AMENDED COMPLAINT AT LAW**

**NOW COMES**, the Plaintiff, ABIGAIL QUINN, as Special Administrator of the Estate of LANCE JONES, deceased, by their attorneys JAMES MURPHY-AGUILU and TIMOTHY FISCELLA, and submits Plaintiff's Complaint states as follows:

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 based upon the violation of the civil

rights of decedent *i.e.* the deprivation of a pretrial detainee's right to basic health services guaranteed by the 8th Amendment and the due process clause of the 14th amendment to the United States Constitution.

## VENUE

2. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367. The violation of the decedent's civil rights took place within the Central District of Illinois, *i.e.* at the Sangamon County Jail, located in Springfield, Illinois.

## PARTIES

3. Decedent, Lance Jones, died on June 25, 2013 while a detainee at the Sangamon County Jail, located in Springfield, Illinois. Plaintiff Abigail Quinn is the duly appointed Administrator for the estate of Lance Jones. The Plaintiff brings this action on behalf of the Estate of Lance Jones and on behalf of Lance Jones' two minor descendants.

4. Defendant Neil Williamson, Sheriff of Sangamon County is sued in his official capacity, as the Sheriff of Sangamon County he is legally responsible for the control and operation of the Sangamon County Jail. Plaintiff asserts federal law claims against the Sheriff.

5. Defendant Sangamon County is joined in this action pursuant to *Caver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003). Plaintiff asserts federal law claims against defendant Sangamon County.

2

6. Defendant Advanced Correctional Healthcare (ACH) was contracted to provide all medical services for Sangamon County Jail. Plaintiff asserts federal law claims against defendant ACH.

7. Defendant Nurse Ashley Taylor was a nurse hired by ACH and assigned to provide medical services at Sangamon County jail during the relevant period and is sued in their individual capacity.

8. Defendant Nurse Tracy Shea was a nurse hired by ACH and assigned to provide medical services at Sangamon County jail during the relevant period and is sued in their individual capacity.

9. Defendant Nurse Joe Geno was a nurse hired by ACH and assigned to provide medical services at Sangamon County jail during the relevant period and is sued in their individual capacity.

10. Defendant Prison Guard Favre is sued in their individual capacity.

11. Defendant Prison Guard Curry is sued in their individual capacity.

12. Defendant Prison Guard West is sued in their individual capacity.

13. Defendant Prison Guard Meyers is sued in their individual capacity.

14. Defendant Prison Guard Gillespie is sued in their individual capacity.

15. Defendant Prison Guard Bergeal is sued in their individual capacity.

16. Defendant Prison Guard Brents is sued in their individual capacity.

17. Defendant Prison Guard Ball is sued in their individual capacity.

18. Defendant Prison Guard Clark is sued in their individual capacity.

19. Defendant Prison Guard Watkins is sued in their individual capacity.

20. Defendant Prison Guard Berrola is sued in their individual capacity.

21. Defendant Prison Guard Garrett is sued in their individual capacity.

22. Defendant Prison Guard Coffin is sued in their individual capacity.

23. Defendant Prison Guard Johnson is sued in their individual capacity.

24. Defendant Prison Guard Benniato is sued in their individual capacity.

25. Defendant Prison Guard Brown is sued in their individual capacity.

26. Defendant Prison Guard McLaughlin is sued in their individual capacity.

27. Defendant Prison Guard Mercier is sued in their individual capacity.

28. Defendant Prison Guard Baker is sued in their individual capacity.

29. Defendant Prison Guard Kerouac is sued in their individual capacity.

30. Defendant Prison Guard Michaletta is sued in their individual capacity.

31. Defendant Prison Guard Saur is sued in their individual capacity.

32. Defendant Prison Guard Ealey is sued in their individual capacity.

33. Defendant Prison Guard Patton is sued in their individual capacity.

34. Defendant Prison Guard Ferro is sued in their individual capacity.

35. Defendant Prison Guard Conard is sued in their individual capacity.

36. Defendant Prison Guard Grigsby is sued in their individual capacity.

37. Defendant Prison Guard Herdt is sued in their individual capacity.

38. Defendant Prison Guard Pfiffer is sued in their individual capacity.

39. Defendant Prison Guard Ansell is sued in their individual capacity.

40. Defendant Prison Guard Fisher is sued in their individual capacity.

41. Defendant Prison Guard Beal is sued in their individual capacity.

42. Defendant Prison Guard Martin is sued in their individual capacity.

43. Defendant Prison Guard Berterman is sued in their individual capacity.

44. Defendant Prison Guard Bluhm is sued in their individual capacity.

45. Defendant Prison Guard Sgt. Hudgins is sued in their individual capacity.

46. Defendant Prison Guard Sgt. Hudgins is sued in their individual capacity.

47. Defendant Prison Guard Sgt. Wallace is sued in their individual capacity.

48. Defendant Prison Guard Sgt. Doetach is sued in their individual capacity.

49. Defendant Prison Guard Sgt. Smith is sued in their individual capacity.

50. Defendant Prison Guard Sgt. Cain is sued in their individual capacity.

51. Defendant Prison Guard Sgt. Powell is sued in their individual capacity.

52. Defendant Prison Guard Sgt. Guy is sued in their individual capacity.

53. Defendant Prison Guard Sgt. Bouvet is sued in their individual capacity.

54. Defendant Prison Guard Sgt. Kruger is sued in their individual capacity.

55. Defendant Prison Guard Sgt. Bennett is sued in their individual capacity.

56. Defendant Prison Guard Sgt. Carey is sued in their individual capacity.

## BACKGROUND FACTS

57. Plaintiff's decedent was arrested and processed into the Sangamon County Jail in or around June 2013.

58. Advanced Correctional Healthcare (ACH) had at the time of plaintiff decedent's death a contract with Sangamon County Jail and/or the Sangamon County Sheriffs to provide medical staff and services for Sangamon County Jail.

59. At all relevant times, Sangamon County Sheriffs had a policy to maintain contracts or agreements with outside hospitals to provide medical care for inmates for circumstances where medical care cannot be provided at the jail.

60. Plaintiff's decedent was transferred from the Sangamon County Jail to the emergency room at St. Johns Hospital on June 15, 2013 after having shortness of breath and chest pains and remained at the emergency room for several hours.

61. Plaintiff's decedent presented to the emergency room staff at St. Johns Hospital with symptoms consistent with a heart attack.

62. Plaintiff's decedent was known by ACH and St. John's hospital medical personnel to have HIV. Plaintiff's decedent has a serious medical need as recognized by medical personnel.

63. While at the emergency room, medical personnel there verified the serious medical needs of Plaintiff's decedent and provided plaintiff's decedent with medication and tests consistent with a heart attack.

64. Plaintiff's decedent was not kept at the hospital overnight for observation and returned to the Sangamon County Jail within a few hours of arriving on or about June 15, 2013.

65. Emergency Room doctor Sam Gaines determined Plaintiff decedent was suffering from gastro esophageal reflux, commonly known as "heart burn."

66. Plaintiff's decedent returned to Sangamon County Jail with prescriptions for antacids and an order to see his primary care physician within the following three days.

67. Plaintiff's decedent continued to feel serious discomfort and complained to several officers, nurses and fellow inmates of chest pain and other symptoms over the proceeding days.

68. His complaints to ACH personnel and jail staff were continually ignored.

69. Pursuant to the policies and practices at the Sangamon County Jail, following his return to the Jail, Plaintiff's decedent was also not allowed to see a nurse or physician without submitting a request form despite immediate pain.

70. Following his return to the Jail from the emergency room, Plaintiff's decedent was not permitted to a see a physician at the Jail despite a note specifically requiring follow up care within three days and continuing complaints of pain and discomfort.

71. On June 25, 2013, as a direct and proximate cause of having been deprived proper medical care and treatment as guaranteed by the Constitution, Plaintiff's decedent died.

## COUNT I

(Neil Williamson Sherriff of Sangamon County, Sangamon County Sheriffs Department, Sangamon County, Above listed Sangamon County Sherriff Deputies, Advanced Correctional Healthcare, ACH Nurse Joe Geno, ACH Nurse Tracy Shea, and ACH Nurse Ashley Taylor Deliberate Indifference 42 USC § 1983)

28. This count is brought pursuant to 42 USC § 1983 for deprivation of Lance Jones' 14th Amendment rights to basic health services and jurisdiction is based on 42 USC § 1331. All acts alleged herein were committed under color of law.

29. On June 15, 2013 through June 25, 2013, Lance Jones had a serious medical need which was an obvious sign of a serious heart condition as set forth in this complaint and was severely ill as described in this complaint. Due to the exigency of the pain and symptoms described above, Lance Jones was in urgent need of further medical care and treatment and/or being transferred to a local hospital for evaluation and treatment.

30. That notwithstanding their duty to provide adequate medical care to inmates and detainees, the Defendants Sangamon County Sheriff's Department Deputies and ACH staff were deliberately indifferent to securing the rights to basic medical care for any inmate with an acute illness, including Lance Jones, because they failed to transfer a detainee to the hospital or medical personnel without a written request where a detainee had urgent need for hospitalization.

31. In addition, Lance Jones had a serious medical need for which he received prescriptions and a medical order to see his primary care physician within three days of his release from the emergency room.

32. Despite a direct order from Dr. Sam Gaines for decedent to see a physician within three days following decedents release from St. John's emergency room, decedent, who was in custody of Defendants the entire relevant period of time, was never allowed to see another physician prior to his death ten (10) days later.

33. As a direct and proximate result of one or more of the foregoing acts or omissions, Defendants Prison Guards and ACH Nurses Shea, Taylor and Geno were deliberately indifferent when they failed to follow the ER doctor's orders to transport Plaintiff's decedent to the dispensary or the hospital for a follow up appointment without an approved inmate request form.

34. Defendants Prison Guards and ACH nurses failed to act on any health concern and complaints made by Plaintiff decedent that as a direct and proximate cause lead to Plaintiff decedent's death and the constitutionally deficient care discussed above.

WHEREFORE, Plaintiff ABIGAIL QUINN, as Administrator of the Estate of LANCE JONES, deceased, requests judgment against the Defendants NEIL WILLIAMSON, Sheriff of Sangamon County, in his official capacity, SANGAMON COUNTY SHERIFF'S DEPARTMENT, PRISON GURADS FAVRE, CURRY, WEST, MEYERS, GUILLESPIE, BERGAEL, BRENTS, BALL, CLARK, WATKINS, BERROLA, GARRETT, COFFIN, JOHNSON, BENNIATO, BROWN, MCLAUGHLIN, MERCIER, BAKER, KEROUAC, MICHALETTA, SAUR, EALEY, PATTON, FERRO, CONARD, GRIGSBY, HERDT, PFIFFER, ANSELL, FISHER, BEAL, MARTIN, BERTERMAN, BLUHM, SGT HUDGINS, SGT WALLACE, SGT DOETACH, SGT SMITH, SGT CAIN, SGT, POWELL, SGT GUY, SGT BOUVET, SGT KRUGER, SGT BENNETT, SGT CAREY, ACH NURSE JOE GENO, ACH NURSE TRACY SHEA, ACH NURSE ASHLEY TAYLOR and SANGAMON COUNTY in an amount which is sufficient to compensate the Estate of Lance Jones for its loss, punitive damages, and attorneys' fees and costs pursuant to 42 USC§ 1988.

### COUNT II

(Sangamon County, Neil Williamson, ACH, § 1983 Monell Claim)

35. This count is brought pursuant to 42 USC§ 1983 alleging liability by ACH, Sangamon County and Sherriff Neil Williamson in his official capacity for policies, practices and procedures that led to the deprivation of Lance Jones' constitutional rights to basic health care services.

36. Pursuant to their respective duties as Sheriff of Sangamon County, Neil Williamson and directors of ACH adopted certain written medical policies requiring *inter alia,* that adequate medical care be made available for inmates with an acute

9

medical illness at the Sangamon County Jail on a 24 (twenty-four) hour basis and that for inmates or detainees whose health care needs could not be provided on site at the Sangamon County Jail, the medical personnel is to attend to immediate and serious medical needs or transfer the inmate or detainee to a local hospital emergency room by ambulance for evaluation and treatment. Neil Williamson adopted known policy that no inmate or detainee would see medical personnel without the approval of a written inmate request form.

37. As a direct and proximate result of the adoption of the policy set forth in paragraph 36, the Defendants Neil Williamson and ACH knew that inmates and detainees who had an acute illness and who had an urgent need for medical attention which could not be provided at the Sangamon County Jail would not have their medical needs met until it was too late in the course of their illness to provide adequate and effective medical care.

38. Moreover, that notwithstanding their duty to provide adequate medical care to inmates and detainees, the Defendants Neil Williamson, in his official capacity, the Sangamon County Sheriffs Department, Sangamon County, and ACH failed to secure the rights to basic medical care for inmates with an acute illness, such as Lance Jones, because:

a) they failed to provide proper instruction and guidance to medical and security personnel,

b) allowed improperly trained personnel to act as "gate-keepers" to see physicians and other qualified medical personnel,

c) promoted policies and practices that allowed said unqualified personnel to determine whether detainees

medical requests were unimportant, without merit, or unnecessary knowing that said personnel were not trained or qualified to make these determinations;

d) failed to inform employees that they had the authority to transfer a detainee to the hospital or medical personnel without a written request where a detainee had urgent need for hospitalization, and

e) to have properly trained medical personnel on-site.

39. Additionally, notwithstanding their duty to provide adequate medical care to inmates and detainees, the Defendants Neil Williamson, in his official capacity, the Sangamon County Sheriffs Department, Sangamon County, and ACH failed to secure the rights to basic medical care for any inmate with an acute illness, including Lance Jones, because the jail's practices, as detailed above, failed to ensure that orders by outside medical personnel would be properly documented and followed.

40. Finally, notwithstanding their duty to provide adequate medical care to inmates and detainees, the Defendants Neil Williamson, in his official capacity, the Sangamon County Sheriffs Department, Sangamon County, and ACH failed to secure the rights to basic medical care for any inmate with an acute illness, including Lance Jones, in that defendants Sangamon County, Neil Williamson, in his official capacity and ACH conducted a practice in which Sangamon County Jail was understaffed with respect to medical personnel during the relevant period of June 15, 2013 through June 25, 2013.

41. That as a direct and proximate result of one or more of the foregoing acts, Lance Jones was not provided Constitutionally required medical care and his condition went undiagnosed and untreated resulting in cardiac arrest and death on June 25, 2013.

11

WHEREFORE, Plaintiff ABIGAIL QUINN, as Administrator of the Estate of LANCE JONES, deceased, requests judgment against the Defendants Sangamon County, Neil Williamson, and ACH in an amount which is sufficient to compensate the Estate of Lance Jones for the deprivation, punitive damages, and attorneys' fees and costs pursuant to 42 USC§ 1988.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Plaintiff The Estate of LANCE JONES hereby demands a jury trial.

*/s/ James Murphy-Aguilu*
JAMES MURPHY-AGUILU
TIM FISCELLA
Attorneys for Lance Jones
1739 S. Halsted, 1F
Chicago, IL 60608
773-808-3569